---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
                      (State)

Case number (if known): _____ Chapter **11**

☐ Check if this is an
   amended filing

---

### Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

---

1. **Debtor's name**

   Gibson Brands, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   Gibson Guitar Corporation
   Gibson Instruments, Inc.

3. **Debtor's federal Employer Identification Number (EIN)**

   7 3 – 1 2 4 4 5 2 0

4. **Debtor's address**

   **Principal place of business**

   309 Plus Park Blvd.
   Number     Street

   Nashville          TN      37217
   City              State    ZIP Code

   Davidson
   County

   **Mailing address, if different from principal place of business**

   Number        Street

   P.O. Box

   City              State    ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number        Street

   City              State    ZIP Code

5. **Debtor's website (URL)**

   www.gibson.com; www.epiphone.com

6. **Type of debtor**

   ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

---

Debtor    **Gibson Brands, Inc.**
_____    Case number *(if known)*_____
Name

---

7. **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

3 3 9 9

---

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.    District _____    When _____    Case number _____
                                                    MM / DD / YYYY

                District _____    When _____    Case number _____
                                                    MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.    Debtor    See Schedule 1_____    Relationship _____

            District _____    When _____
                                                                            MM / DD / YYYY

            Case number, if known _____

---

| Debtor | Gibson Brands, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this district*?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| Number | Street |
|---|---|

_____

| City | State | ZIP Code |
|---|---|---|

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☑ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☑ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

| Debtor | Gibson Brands, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☑ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   5/1/2018
               MM / DD / YYYY

X _____
Signature of authorized representative of debtor

Henry E. Juszkiewicz
Printed name

Title   Chief Executive Officer

**18. Signature of attorney**

X _____
Signature of attorney for debtor

Date   5/1/18
        MM / DD / YYYY

David M. Fournier
Printed name
Pepper Hamilton LLP
Firm name
Hercules Plaza, Suite 5100, 1313 N. Market Street
Number        Street
Wilmington
City

DE          19801
State       ZIP Code

(302) 777-6500
Contact phone

fournied@pepperlaw.com
Email address

2812
Bar number

DE
State

---

**Schedule 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Gibson Brands, Inc.

- Baldwin Piano, Inc.

- Cakewalk, Inc.

- Consolidated Musical Instruments, LLC

- Gibson Brands Inc.

- Gibson Café & Gallery, LLC

- Gibson Europe B.V.

- Gibson Holdings, Inc.

- Gibson Innovations USA, Inc.

- Gibson International Sales LLC

- Gibson Pro Audio Corp.

- Neat Audio Acquisition Corp.

- Wurltizer Corp.

## CERTIFICATE OF SECRETARY OF BOARD OF DIRECTORS OF GIBSON BRANDS, INC.

### May 1, 2018

The undersigned, in his capacity as duly appointed Secretary of Gibson Brands, Inc., hereby certifies as follows:

1. On the date first written above, the members of the board of directors, members of the board of managers, individual managers, sole managers, and sole members (collectively, the "Boards"), as applicable, of each entity set forth in Annex A attached hereto (each, a "Company" and collectively, the "Companies") held a duly noticed meeting (the "Meeting") pursuant to each of such Company's bylaws, limited liability company agreement, or other governing document, as applicable, and the applicable laws of the jurisdiction in which such Company is organized.

2. Attached hereto as Exhibit A is a true, complete, and correct copy of the resolutions duly adopted by the unanimous vote of the members of the Board of Gibson Brands, Inc. at the Meeting.

3. Attached hereto as Exhibit B is a true, complete, and correct copy of the resolutions duly adopted by the vote of the members of the Boards of the Companies at the Meeting, Mr. Juszkiewicz and Mr. Berryman having recused themselves from the vote.

4. Attached hereto as Exhibit C is a true, complete, and correct copy of the resolutions duly adopted by the unanimous vote of the members of the Boards of the Companies at the Meeting.

IN WITNESS WHEREOF, the undersigned has executed this Secretary Certificate as of the date first set forth above.

By: /s/ Bruce A. Mitchell_____
Name: Bruce A. Mitchell
Title:  Secretary

## EXHIBIT A

## RESOLUTIONS

WHEREAS, the respective Board of each Company has considered presentations by the management and the financial and legal advisors of each Company regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business, creditors, and other parties in interest;

WHEREAS, the respective Board of each Company has had the opportunity to consult with each Company's management and financial and legal advisors;

WHEREAS, the Board of Gibson Brands, Inc. desires to appoint to its Board Alan J. Carr of Drivetrain, LLC as Independent Director;

**NOW, THEREFORE, BE IT RESOLVED THAT**

RESOLVED, that Alan J. Carr of Drivetrain, LLC be, and hereby is, appointed to serve as Independent Director of Gibson Brands, Inc., to serve until his successor is duly appointed and qualified or until her earlier resignation or removal; and it is further

RESOLVED, that the bylaws of Gibson Brands, Inc. be, and hereby are, amended to provide that that the vote of Alan J. Carr of Drivetrain, LLC shall be required for the Specified Actions (as defined in that certain Restructuring Agreement dated May 1, 2018).

**EXHIBIT B**

**RESOLUTIONS**

WHEREAS, the respective Board of each Company has considered presentations by the management and the financial and legal advisors of each Company regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business, creditors, and other parties in interest;

WHEREAS, the respective Board of each Company has had the opportunity to consult with each Company's management and financial and legal advisors and fully consider each of the strategic alternatives available to each Company;

WHEREAS, each Company intends to implement a financial restructuring (the "Restructuring") on terms and conditions set forth in that certain Restructuring Support Agreement dated May 1, 2018, and the exhibits thereto (collectively, the "RSA");

WHEREAS, the Restructuring described in the RSA will be implemented by, among other things, each Company commencing cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") to obtain debtor-in-possession financing (the "DIP Financing") and to implement a chapter 11 plan of reorganization (the "Plan");

WHEREAS, the respective Board of each Company has been presented with information from management and the Company's advisors regarding the Restructuring, the RSA, and the transactions and obligations contemplated by or referred to in any or all of them, and has had an opportunity to review the same;

WHEREAS, the respective Board of each Company, having had a series of meetings to consider the financial and operational aspects of each Company's business and the best course of action to maximize value, having received financial and other input from management and its advisors, having had the opportunity to review and consider the same, and having pursued and considered various alternatives, have determined in the exercise of their respective business judgment that given the current facts and circumstances confronting the Company, it is advisable and in the best interests of each Company, its creditors, and other interested parties that the RSA be executed and implemented as contemplated by the RSA;

**NOW, THEREFORE, BE IT RESOLVED THAT**

RESOLVED, that in the judgment of the respective Board of each Company it is desirable and in the best interests of each Company, its subsidiaries, creditors, employees, stakeholders and other interested parties to execute the RSA and implement the Restructuring as set forth in the RSA; and it is further

RESOLVED, that the officers of each Company (collectively, the "Officers"), or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of each Company, to execute the RSA; and it is further

RESOLVED, that the Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of each Company, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings or other writings referred to in the foregoing resolutions; and it is further

RESOLVED, that the Officers be, and each of them hereby is, authorized and empowered, on behalf of and in the name of each Company, to take or cause to be taken any and all such further action and to execute, deliver, verify and/or file, or cause to be executed, delivered, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates and other writings to effectuate the purpose and intent of any and all of the foregoing resolutions, except, however, the Definitive Documents (as defined in the RSA) which shall be subject to further approval of the Board.

## EXHIBIT C

## RESOLUTIONS

WHEREAS, the respective Board of each Company has considered presentations by the management and the financial and legal advisors of each Company regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business, creditors, and other parties in interest;

WHEREAS, the respective Board of each Company has had the opportunity to consult with each Company's management and financial and legal advisors and fully consider each of the strategic alternatives available to each Company;

WHEREAS, each Company intends to implement a financial restructuring (the "Restructuring") on terms and conditions set forth in that certain Restructuring Support Agreement dated May 1, 2018, and the exhibits thereto (collectively, the "RSA");

WHEREAS, the Restructuring described in the RSA will be implemented by, among other things, each Company commencing cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") to obtain debtor-in-possession financing (the "DIP Financing") and to implement a chapter 11 plan of reorganization (the "Plan");

WHEREAS, the RSA requires the retention of a chief restructuring officer by, Gibson Brands, Inc.;

WHEREAS, the Board of Gibson Brands, Inc. desires to retain Brian J. Fox of Alvarez & Marsal North America, LLC as Chief Restructuring Officer;

WHEREAS, the respective Board of each Company has been presented with a proposed petition to be filed by each Company in the Bankruptcy Court seeking relief under the Bankruptcy Code, in which the authority to operate as a debtor-in-possession will be sought;

WHEREAS, the respective Board of each Company, having had a series of meetings to consider the financial and operational aspects of each Company's business and the best course of action to maximize value, having received financial and other input from management and its advisors, having had the opportunity to review and consider the same, and having pursued and considered various alternatives, have determined in the exercise of their respective business judgment that given the current facts and circumstances confronting the Company, it is advisable and in the best interests of each Company, its creditors, and other interested parties that a petition be filed by each Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code and to implement the Restructuring as contemplated by the RSA;

**NOW, THEREFORE, BE IT RESOLVED THAT**

RESOLVED, that in the judgment of the respective Board of each Company it is desirable and in the best interests of each Company, its subsidiaries, creditors, employees, stakeholders and other interested parties that a voluntary petition be filed by each Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such petition is authorized hereby; and it is further

RESOLVED, that Brian J. Fox of Alvarez & Marsal North America, LLC be, and hereby is, appointed to serve as Chief Restructuring Officer of Gibson Brands, Inc., to serve until his successor is duly appointed and qualified or until his earlier resignation or removal; and it is further

RESOLVED, that the officers of each Company (collectively, the "Officers"), or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of each Company, to execute and verify a petition in the name of each Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Officer(s) executing said petition on behalf of each Company shall determine; and it is further

RESOLVED, that the Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of each Company, to execute, verify and/or file, or cause to be executed, verified and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings and other papers, and in connection with the Petition, to employ and retain all assistance by legal counsel, accountants or other professionals, and to take any and all action which they deem necessary and proper to maintain the ordinary course operation of each Company's business during the pendency of the chapter 11 case, including any and all action necessary or proper in connection with obtaining authorization to use cash collateral and obtain the DIP Financing on the terms set forth in the RSA, employ professionals retained by the Debtors, and seek the relief contemplated by the "first day" and "second day" motions; and it is further

RESOLVED, that the Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of each Company, to retain and employ professionals to render services to each Company in connection with the chapter 11 case, including, without limitation, the firm Goodwin Procter LLP, to act as chapter 11 counsel; Pepper Hamilton, LLP, to act as Delaware and conflicts counsel; Jefferies LLC, to act as investment banker; and Alvarez & Marsal North America, LLC, to provide additional personnel to support the Chief Restructuring Officer; and Prime Clerk LLC, to act as claims and noticing agent and administrative advisor; and it is further

RESOLVED, that it is appropriate, advisable and in the best interests of each Company to enter into, execute and consummate the DIP Financing on the terms set forth in the RSA; and it is further

RESOLVED, that each Company is hereby authorized to mortgage, charge, assign, pledge and otherwise transfer and encumber and grant security interests in its present and future real and leasehold property, equipment, inventory, intangibles, undertaking and other property and assets as security for its present and future indebtedness under or in connection with the DIP Financing; and it is further

RESOLVED, that it is appropriate and in the best interests of each Company to enter into, execute, deliver and perform the transactions, and any and all other agreements, instruments and documents deemed necessary or desirable to evidence and/or secure the obligations under the DIP Financing, including without limitation loan or credit agreements, promissory notes, deeds of trust, mortgages, deeds to secure debt, security agreements, pledge agreements, assignments of leases and rents, assignments, guaranties, agreements with third parties (including, without limitation, lockbox agreements, cash management agreements and deposit account control agreements) relating to the collateral, indemnity agreements, certificates, affidavits, financing statements, applications, notices and other agreements of any kind or nature whatsoever (collectively, the "Credit and Security Documents"); and it is further

RESOLVED, that the form, terms and provisions of, and the performance of the transactions contemplated by the Credit and Security Documents in the foregoing resolutions be, and they hereby are, authorized, approved and adopted in all respects and each Company is hereby authorized to (i) enter into the Credit and Security Documents, (ii) perform its respective obligations thereunder, and (iii) take all actions contemplated thereby; and it is further

RESOLVED, that the Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of each Company, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings or other writings referred to in the foregoing resolutions; and it is further

RESOLVED, that the Officers be, and each of them hereby is, authorized and empowered, on behalf of and in the name of each Company, to take or cause to be taken any and all such further action and to execute, deliver, verify and/or file, or cause to be executed, delivered, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates and other writings to effectuate the purpose and intent of any and all of the foregoing resolutions, except for the Definitive Documents (as defined in the RSA) which shall be subject to further approval of the Board; and it is further

RESOLVED, that the Officers be, and each of them hereby is, authorized and empowered, on behalf of and in the name of each Company, to pay and direct the payment of all fees and expenses as in their judgment shall be necessary, appropriate, or advisable in the good faith judgment of such Officers to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Officer to seek relief on behalf of each Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, in connection with the Company's

ordinary course operations be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of each Company as fully as if such actions had been presented to the respective Board of each such Company for its prior approval; and it is further

RESOLVED, that the Officers be, and each of them hereby is, authorized and empowered, on behalf of and in the name of each Company, to pay and direct the payment of all fees and expenses as in their judgment shall be necessary, appropriate, or advisable in the good faith judgment of such Officers to effectuate the purpose and intent of any and all of the foregoing resolutions.

**Annex A**

| COMPANY | JURISDICTION |
|---|---|
| Gibson Brands, Inc. | DELAWARE |
| Baldwin Piano, Inc. | DELAWARE |
| Cakewalk, Inc. | MASSACHUSETTS |
| Consolidated Musical Instruments, LLC | DELAWARE |
| Gibson Café & Gallery, LLC | DELAWARE |
| Gibson International Sales LLC | DELAWARE |
| Gibson Pro Audio Corp. | CALIFORNIA |
| Neat Audio Acquisition Corp. | DELAWARE |
| Wurlitzer Corp. | DELAWARE |
| Gibson Innovations USA, Inc. | DELAWARE |
| Gibson Holdings, Inc. | DELAWARE |
| Gibson Europe B.V. | THE NETHERLANDS |

Fill in this information to identify the case:

Debtor name:   Gibson Brands, Inc., et al.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known):  _____

☐ Check if this is an
amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | EVERVICTORY ELECTRONIC B.V.I. 12F NO 82 MIN-CHUAN ROAD YUNG HO TAIPEI HESIEN TAIWAN | ATTN: Vivian Wang PHONE - 86-769-85150816 FAX - 86-769-88626888-853 EMAIL - vivian@evervictory.com | Trade Payable | | | | $ 2,851,790 |
| 2 | PACIFIC WESTERN TIMBERS, INC 5555 CRUISER LOOP SW BREMERTON, WA 98312 UNITED STATES | ATTN: John Wagner Owner PHONE - 360-674-2700 FAX - 360-379-3846 | Trade Payable | | | | $ 971,758 |
| 3 | TKL PRODUCTS CORP. 2545 Turkey Creek Rd Oilville, VA 23129 UNITED STATES | ATTN: Tommy Dougherty President PHONE - 804-749-8300 FAX - 804-749-3442 EMAIL - info@tkl.com | Trade Payable | | | | $ 842,986 |
| 4 | NORTH AMERICAN WORLD TRADE GROUP, INC NORTH AMERICAN WOOD PRODUCTS, LLC., 7007 SW CARDINAL LANE STE #135 PORTLAND, OR 97224 UNITED STATES | ATTN: Cliff Chulos President PHONE - 503-620-6655 FAX - 503-598-7959 EMAIL - cliffc@nawpi.com | Trade Payable | | | | $ 468,767 |
| 5 | PT SAMICK JL. PERKEBUNAN DS. KIDUL KECAMATAN CILEUNGSI KABUPATEN BOGOR INDONESIA | PHONE - 62-21-8230538 FAX - 62-21-8230162 EMAIL - exim@samick.co.id | Trade Payable | | | | $ 453,665 |
| 6 | MODULAR TECHNICAL SERVICE, INC MTS PRODUCTS, Plant #1, 28672 Holiday Place Elkhart, IN 46517 UNITED STATES | ATTN: David E. Mount President PHONE - 574-295-3142 FAX - 574-295-1269 EMAIL - scott@mtsproducts.com | Trade Payable | | | | $ 449,405 |
| 7 | WELLJEN LIMITED c/o UB Management 17 Roosevelt Avenue Kingston 6 Kingston JAMAICA | ATTN: Nugent Walker | Trade Payable | | | | $ 400,000 |
| 8 | KPMG LLP 2323 Ross Avenue Suite 1400 DALLAS, TX 75312-0561 UNITED STATES | ATTN: Lynn Doughtie Chairman and CEO PHONE - 214-665-6000 FAX - 214-840-2297 / 212-758-9819 | Trade Payable | | | | $ 400,000 |
| 9 | HANPIN ELECTRONIC CO. INC. NO 256 SEC 3 CHUNG CHENG RD JEN TEH HSIANG TAINAN HSIEN TAIWAN | ATTN: Shen Keng Liu Chairman PHONE - 886-6-279-1717 FAX - 886-6-270-6442 EMAIL - sales2@hanpin.com.tw | Trade Payable | | | | $ 396,509 |
| 10 | GROVER MUSIC PRODUCTS INC 9287 MIDWEST AVENUE CLEVELAND, OH 44125 UNITED STATES | ATTN: Richard I. Berger President PHONE - 216-510-4636 FAX - 216-391-8999 EMAIL - music@grotro.com | Trade Payable | | | | $ 367,639 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 | NPD INTELECT LLC<br>900 W. Shore Road<br>Pt. Washington, NY | ATTN: Tod Johnson<br>Executive Chairman<br>PHONE - 516-625-0700<br>FAX - 516-625-2233 | Trade Payable | | | | $ 333,606 |
| 12 | COBALT ELECTRONICS (HK) CO.LTD<br>FLATM 7/F. YUE CHEUNG CTR 1-3<br>WONG CHUK YEUNG ST. FO TAN SHA<br>Hong Kong | ATTN: KC Cheung<br>General Manager<br>PHONE - (852) 3769 9833<br>FAX - 852-2601-5865<br>EMAIL - mileung@cobalt.com.hk | Trade Payable | | | | $ 305,865 |
| 13 | CEVA LOGISTIC'S U.S<br>10751 Deerwood Park Boulevard<br>Suite 200<br>Jacksonville, FL 32256<br>UNITED STATES | ATTN: Mark Morrison<br>Senior Vice President of Business Development<br>PHONE - 904-928-1400<br>FAX - 904-928-1410 | Trade Payable | | | | $ 301,171 |
| 14 | QINGDAO XINJITONG PACKING CO, LTD<br>NO. 718 HUANG JIASHAN INDUSTRIAL PK, EAST OF<br>QINGWEI ROAD<br>JIMO CITY, QINGDAO<br>CHINA | PHONE - 86-532-8755-9302<br>FAX - 86-532-8755-9252<br>EMAIL - kathy@qdjitong.com.cn | Trade Payable | | | | $ 297,432 |
| 15 | GUOGUANG ELECTRIC COMPANY LTD<br>NO 8 JINGH RD XINHUA TOWN<br>HUADU REGION<br>GUANGZHOU 510800<br>CHINA | ATTN: Mark Zhao<br>PHONE - 86 20 2860 9166<br>FAX - 86 20 2860 9828<br>EMAIL - mark_zhao@ggee.com.cn | Trade Payable | | | | $ 289,350 |
| 16 | STAR SUN<br>No. 88 Xinhua Road<br>Chengzhong District<br>Sihui City, Guangdong Province<br>CHINA | PHONE - 020-89115400<br>EMAIL - PROMOTION@STARSUNMUSIC.COM | Trade Payable | | | | $ 249,881 |
| 17 | EZ COM ELECTRONICS SDN, BHD<br>LOT 6, JALAN 12, PHASE IV<br>KAWASAN MIEL, BAKAR ARANG<br>KEDAH 08000<br>MALAYSIA | PHONE - 04-4542178<br>EMAIL - takaolow@ezcom-proaudio.my | Trade Payable | | | | $ 221,327 |
| 18 | EDC, INC<br>950 OLD WINSTON ROAD<br>KERNERSVILLE, NC 27284<br>UNITED STATES | ATTN: Attn: Eric J. Ebert<br>Principal<br>PHONE - 336-993-0468<br>FAX - 336-993-0368<br>EMAIL - sales@edcinc.com | Trade Payable | | | | $ 181,173 |
| 19 | STORE CAPITAL / MIDLAND LOAN<br>8377 E. Hartford Dr.<br>Suite 100<br>Scottsdale, AZ 85255<br>UNITED STATES | ATTN: Cathy Philips<br>Vice President<br>PHONE -<br>FAX - 480-256-1101<br>EMAIL - cphillips@storecapital.com | Landlord | | | | $ 170,633 |
| 20 | GWW GROUP INC.<br>204 East Court Street<br>ELKHOM, WI 53121<br>UNITED STATES | ATTN: Stephen Flynn<br>Executive Vice President<br>PHONE - 506-2573-8670<br>FAX -<br>EMAIL - info@gwwcases.com | Trade Payable | | | | $ 165,450 |
| 21 | MMCC Solutions Canada<br>300 THE EAST MALL SUITE 600<br>TORONTO, ON M9B 6B7<br>CANADA | PHONE -<br>FAX - 416-922-7830<br>EMAIL - | Trade Payable | | | | $ 152,843 |
| 22 | WHITE & CASE LLP<br>1155 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10036-2787<br>UNITED STATES | ATTN: Thomas Lauria<br>Partner<br>PHONE - 212-819-8200<br>FAX - 212-354-8113<br>EMAIL - tlauria@whitecase.com | Trade Payable | | | | $ 139,144 |
| 23 | GHS CORPORATION<br>2813 WILBUR<br>BATTLE CREEK, MI 47037<br>UNITED STATES | ATTN: Robert McFee<br>Chairman<br>PHONE - 800-388-4447<br>FAX - 800-860-6913 | Trade Payable | | | | $ 133,772 |
| 24 | AG 8801 SUNSET LOAN ACQUSITION, L.P<br>c/o Centrum Properties<br>225 W. Hubbard Street<br>4th Floor<br>CHICAGO, IL 60654<br>UNITED STATES | ATTN: Rebecca Dickson<br>FAX - 312-832-2525 | Landlord | | | | $ 133,094 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim: | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 | L. R. BAGGS CORPORATION 2813 WILBUR BATTLE CREEK, MI 47037 UNITED STATES | ATTN: Robert McFee Chairman PHONE - 800-388-4447 FAX - 800-860-6913 | Trade Payable | | | | $    118,195 |
| 26 | BRUNK INDUSTRIES, INC. 1225-SAGE ST LAKE GENEVA, WI 53147 | ATTN: Ulla Brunk Chief Executive Officer PHONE - 262-248-8873 FAX - 262-248-1057 EMAIL - dbauchelier@brunk.com | Trade Payable | | | | $    110,161 |
| 27 | SOMERA ROAD 12 E 49TH STREET, 11TH FLOOR NEW YORK, NY 10017 UNITED STATES | ATTN: Ian Ross Managing Principal PHONE - 646-766-8184 EMAIL - ian@someraroadinc.com | Trade Payable | | | | $    99,605 |
| 28 | ADVANCED PLATING,INC. 1425 COWAN STREET NASHVILLE, TN 37207 UNITED STATES | ATTN: Steve and Sheri Tracy Owners PHONE - 615-227-6900 FAX - 615-262-7935 EMAIL - sochrome@advancedplating.com | Trade Payable | | | | $    99,531 |
| 29 | STONETOWN LOGISTICS, INC. 5603 Tudor Drive Pompton Plains, NJ 07444 UNITED STATES | ATTN: Brian F. Ottens Principal PHONE - (973) 868-2741 | Trade Payable | | | | $    94,755 |
| 30 | KONINKLIJKE PHILIPS N.V. c/o Philips Intellectual Property & Standards High Tech Campus 5656 AE Eindhoven THE NETHERLANDS | ATTN: Frans van Houten Chief Executive Officer FAX - 31 40 27 43014 | Guaranty Claim | Contingent Unliquidated Disputed | | | Undetermined |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
      :
In re:                   :     Chapter 11
      :
GIBSON BRANDS, INC., *et al.*,    :     Case No. 18-_____ (___)
      :
         Debtors.[1]       :
      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT TO
## FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (collectively, the "Debtors") attach hereto as Exhibit A an organizational chart reflecting all of their ownership interests. The Debtors respectfully represent as follows:

1. Henry E. Juszkiewicz owns 36% of the equity interests of Gibson Brands, Inc. and Berryman Limited Partnership, LP owns approximately 49% of the equity interests of Gibson Brands, Inc. To the best of the Debtors' knowledge and belief, no other person or entity directly owns 10% or more of the equity interests of Gibson Brands, Inc.

2. Gibson Brands, Inc. owns one hundred percent (100%) of the equity interests of Baldwin Piano, Inc.

3. Gibson Brands, Inc. owns one hundred percent (100%) of the equity interests of Cakewalk, Inc.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Gibson Brands, Inc. (4520); Cakewalk, Inc. (2455); Consolidated Musical Instruments, LLC (4695); Gibson Café & Gallery, LLC (0434); Gibson International Sales LLC (1754); Gibson Pro Audio Corp. (3042), Neat Audio Acquisition Corp. (3784); Gibson Innovations USA, Inc. (4620); Gibson Holdings, Inc. (8455); Baldwin Piano, Inc. (0371); Wurlitzer Corp. (0031); and Gibson Europe B.V. (Foreign). The Debtors' corporate headquarters is located at 309 Plus Park Blvd., Nashville, TN 37217.

4.   Gibson Brands, Inc. owns one hundred percent (100%) of the equity interests of Gibson Pro Audio Corp.

5.   Gibson Brands, Inc. owns one hundred percent (100%) of the membership interests of Consolidated Musical Instruments, LLC.

6.   Gibson Brands, Inc. owns one hundred percent (100%) of the membership interests of Gibson Café & Gallery, LLC.

7.   Gibson Café & Gallery, LLC owns one hundred percent (100%) of the membership interests of Gibson International Sales LLC.

8.   Gibson Brands, Inc. owns one hundred percent (100%) of the equity interests of Neat Audio Acquisition Corp.

9.   Gibson Brands, Inc. owns one hundred percent (100%) of the equity interests of Wurlitzer Corp.

10. Gibson Brands, Inc. owns one hundred percent (100%) of the equity interests of Gibson Innovations USA, Inc.

11. Gibson Brands, Inc. owns one hundred percent (100%) of the equity interests of Gibson Holdings, Inc.

12. Gibson Brands, Inc. owns one hundred percent (100%) of the ownership interests of Gibson Europe B.V.

## Exhibit A

[Organizational Chart]

# Organizational Chart



**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
- - - - - - - - - - - - - - - - - - - - - -  x
                                             :
In re:                                       :      Chapter 11
                                             :
Gibson Brands, Inc.,                         :      Case No. 18-_____ (____)
                                             :
        Debtor.                              :
                                             :
- - - - - - - - - - - - - - - - - - - - - -  x
```

### LIST OF EQUITY SECURITY HOLDERS[1]

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Number of Interests Held |
|---|---|---|
| Henry E Juszkiewicz 309 Plus Park Blvd., Nashville, TN 37217 | Class A | 33% |
| | Class B | 38% |
| Henry Alexander Juszkiewicz 1993 Vested Trust c/o David Berryman 309 Plus Park Blvd., Nashville, TN 37217 | Class A | 3% |
| | Class B | 1% |
| Zachary A Juszkiewicz 1993 Vested Trust c/o David Berryman 309 Plus Park Blvd., Nashville, TN 37217 | Class A | 3% |
| | Class B | 1% |
| Lyra Kensington Juszkiewicz 2000 Trust c/o David Berryman 309 Plus Park Blvd., Nashville, TN 37217 | Class A | 1% |
| Patricia Ann Arns c/o Henry Juszkiewicz 309 Plus Park Blvd., Nashville, TN 37217 | Class A | 9% |
| | Class B | 9% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

| | | |
|---|---|---|
| Berryman Limited Partnership, LP<br>Berryman Limited Partnership, L.P.<br>1314 King Street<br>c/o Christiana Bank & Trust Co.<br>Wilmington, DE  19801 | Class A | 49% |
| | Class B | 49% |
| Roger L Mitchell<br>3635 Earheart Rd.<br>Mt. Juliet, TN 37122 | Class A | 1% |
| | Class B | 0.11% |
| Jim Golomb<br>2310 Pebblefork Lane<br>Northfield, IL  60093 | Class A | 0.1% |
| | Class B | 0.11% |
| Richard Gembar<br>209 Mayfair Rd.<br>Nashville, TN 37205 | Class A | 0.1% |
| | Class B | 0.11% |
| Paul Jernigan<br>13390 N. 91st Street<br>Scottsdale, AZ 85260 | Class A | 0.1% |
| | Class B | 0.11% |
| John Yarborough<br>807 Shady Glen Ct.<br>Franklin, TN 37069 | Class A | 0.1% |
| | Class B | 0.11% |
| Glenn Derringer<br>1725 W. George Street<br>Chicago, IL  60657 | Class A | 0.1% |
| | Class B | 0.11% |
| Jim Rosenberg<br>1140 Prospect Heights<br>Santa Cruz, CA 95605 | Class A | 0.1% |
| | Class B | 0.11% |
| Laura Catherine Juszkiewicz<br>309 Plus Park Blvd., Nashville, TN<br>37217 | Class A | 0.03% |
| | Class B | 0.03% |
| Onkyo Corporation<br>Kitahama Chuo Building,<br>2-2-22 Kitahama, Chuo-ku, Osaka<br>541-0041 Japan | Class A | 1% |
| | Class B | 1% |

Fill in this information to identify the case and this filing:

Debtor Name   Gibson Brands, Inc.

United States Bankruptcy Court for the: _____ District of **Delaware**
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration  Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   5/1/2018          X _____
MM / DD / YYYY                   Signature of individual signing on behalf of debtor

Henry E. Juszkiewicz
Printed name

Chief Executive Officer
Position or relationship to debtor