## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                        :   Chapter 11

In re:                   :

                        :   Case No. 18-11025 (CSS)

GIBSON BRANDS, INC., *et al.*,     :

                        :   Jointly Administered

      Debtors.[1]       :

                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure.

Brian J. Fox has signed each set of Schedules and Statements. Mr. Fox serves as the Chief Restructuring Officer of Debtor Gibson Brands, Inc. and he is an authorized signatory for each of the Debtors in these chapter 11 cases. In reviewing and signing the Schedules and Statements, Mr. Fox has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and their legal and financial advisors. In light of the size and complexity of the Debtors' businesses, Mr. Fox has not (and could not have) personally verified the accuracy of each such statement and representation, including, but not limited to, statements and representations concerning amounts owed to creditors.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made every reasonable effort to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. Accordingly, the Debtors and their agents, attorneys, and financial advisors do not guarantee or

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Gibson Brands, Inc. (4520); Cakewalk, Inc. (2455); Consolidated Musical Instruments, LLC (4695); Gibson Café & Gallery, LLC (0434); Gibson International Sales LLC (1754); Gibson Pro Audio Corp. (3042); Neat Audio Acquisition Corp. (3784); Gibson Innovations USA, Inc. (4620); Gibson Holdings, Inc. (8455); Baldwin Piano, Inc. (0371); Wurlitzer Corp. (0031); and Gibson Europe B.V. (Foreign). The Debtors' corporate headquarters is located at 309 Plus Park Blvd., Nashville, TN 37217.

warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements.

For the avoidance of doubt, the Debtors reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate but expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law or order of the Bankruptcy Court.

In no event shall the Debtors or their directors, officers, agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their directors, officers, agents, attorneys, or financial advisors are advised of the possibility of such damages.

## Global Notes and Overview of Methodology

1.  **Description of Cases.**  On May 1, 2018 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  These cases are being jointly administered.  Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements.  The information provided herein, except as otherwise noted, is reported as of the close of business on the Petition Date.

2.  **Global Notes Control.**  These Global Notes pertain to and comprise an integral part of each of the Schedules and Statements and should be referenced in connection with any review thereof.  In the event that the Schedules and Statements conflict with these Global Notes, these Global Notes shall control.

3.  **Reservations and Limitations.**  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements based upon information available; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.  Nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

(a)     **No Admission.**  Nothing contained in the Schedules and Statements is intended or should be construed as (i) an admission or stipulation of the validity of any fact, evaluation, circumstance or claim against the Debtors or any assertion made therein or herein or (ii) a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

(b)     **Recharacterization and Classifications.**  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items.  The Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate.

For the avoidance of doubt, listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute, in each such case, an admission by the Debtors of the legal rights of the claimant or contract counterparty or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

(c)     **Claims Description.**  Any failure to designate a claim on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated."  Each Debtor reserves all rights to dispute, or assert offsets or defenses to, any claim reflected on its respective Schedules and Statements on any grounds, including, without limitation, liability or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any claim.  Moreover, listing a claim does not constitute an admission of liability by the Debtors against which the claim is listed or by any of the Debtors.  The Debtors reserve all rights to amend their Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

(d)     **Estimates and Assumptions.**  The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods.  Actual results could differ from such estimates.

(e)     **Causes of Action.**  Despite reasonable efforts, the Debtors may not have identified all current and potential causes of action the Debtors may have against third parties in their respective Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and

actions under other relevant bankruptcy and non-bankruptcy laws to recover assets. The Debtors reserve all rights with respect to any causes of action, and nothing in these Global Notes or the Schedules and Statements should be construed as a waiver of any such causes of action.

(f)     **Intellectual Property Rights.**  Exclusion of certain intellectual property should not be construed as an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property rights should not be construed as an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.

(g)     **Insiders.**  In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to certain individuals who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.

The listing of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for (1) the purposes of determining (i) control of the Debtors, (ii) the extent to which any individual exercised management responsibilities or functions or corporate decision-making authority over the Debtors, or (iii) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (2) any other purpose.

4.      **Methodology.**

(a)     **Basis of Presentation.**  The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Debtor. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment. The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

(b)     **Confidential Information.**  There may be instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to redact from

the public record information such as names, addresses, or amounts. Typically, the Debtors have used this approach because of a confidentiality agreement between the Debtors and a third party, for the protection of sensitive commercial information, or for the privacy of an individual.

(c) **Umbrella or Master Agreements.** Contracts and leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor entity that signed the original umbrella or master agreement. Other Debtors, however, may be liable together with such Debtor on account of such agreements and the Debtors reserve all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.

(d) **Executory Contracts.** Although the Debtors have made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all final exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any executed agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

The fact that a contract, lease or agreement is listed on Schedule G does not constitute an admission that such contract, lease or agreement is an executory contract or unexpired lease or that such contract, lease or agreement was in effect on the Petition Date or is valid or enforceable. Expired contracts and leases may have also been inadvertently included. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.

The Debtors note that they have rejected or intend to reject certain contracts and leases, including those contracts and leases described in the *First Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases Nunc Pro Tunc to May 31, 2018, and (II)*

*Granting Related Relief* [Docket No. 186] and the *Second Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to Reject Certain Executory Contracts and Unexpired Leases, and (II) Granting Related Relief* [Docket No. 297]. The Debtors intend to assume the contracts described in the *Omnibus Motion For Entry Of An Order (I) Authorizing The Debtors To Assume Certain Garden Leave Agreements, And (II) Granting Certain Related Relief* [Docket No. 296].

(e) **Net Book Value.** In certain instances, current market valuations for individual items of property and other assets are neither maintained by nor readily available to the Debtors. Accordingly, unless otherwise indicated, the Schedules and Statements reflect net book values as of April 30, 2018. Market values may vary, at some times materially, from net book values. The Debtors believe that it would be an inefficient use of estate assets for the Debtors to obtain the current market values of their property and other assets. Accordingly, the Debtors have indicated in the Schedules and Statements that the market values of certain assets and liabilities are undetermined. Assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

(f) **Undetermined Amounts.** The description of an amount as "undetermined" is not intended to reflect upon the materiality of such amount.

(g) **Unliquidated Amounts.** Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated."

(h) **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.

(i) **Property and Equipment.** The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are listed in the Schedules and Statements. Nothing in the Schedules and Statements is, or should be construed as, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect thereto.

(j) **Allocation of Liabilities.** The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change.

(k)  **Credits and Adjustments**. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (a) not reflect credits or other adjustments due from such creditors to the Debtors or (b) be net of accrued credits or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits or other adjustments earned from prepetition payments and critical vendor payments, if applicable. The Debtors reserve all of their rights with regard to such credits or other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such adjustments in the ordinary course of business on a postpetition basis.

(l)  **Intercompany Claims.**  Receivables and payables among the Debtors are reported on Schedule A/B and Schedule E/F, respectively.  The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise.  For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including with respect to the characterization of intercompany claims, loans, and notes.

The Debtors manage their business by business line (not legal entity) and maintain their books and records utilizing several accounting and ERP systems, including SAP, Microsoft Dynamics GP, Sage Mass 200, EpiTrac and Hyperion. These systems were utilized to support the global Gibson enterprise prior to the Petition Date and have remained in place after the Petition Date.  Prior to the Petition Date, the Debtors reported their financial results on a consolidated basis, including both the Debtors and their non-debtor subsidiaries and, in so doing, eliminated intercompany activity.  However, in light of the commencement of the chapter 11 cases, the fact that certain affiliates have not commenced chapter 11 cases, and the commencement of foreign proceedings of certain subsidiaries which has resulted in an inability to access and/or to timely access information from the reporting systems of those entities, access to and visibility into intercompany information for the Debtors has been, at times, limited.  For these reasons, while the Debtors have made best efforts to reflect the intercompany relationships between the Debtors and their Debtor and non-Debtor subsidiaries, as well as to reflect the applicable intercompany disbursements of the Debtor entities, it is likely that additional adjustments and/or supplements to the Debtors' intercompany accounting may be required and that such adjustments or supplements may be material.

(m)  **Guarantees and Other Secondary Liability Claims.**  The Debtors have exercised reasonable efforts to locate and identify guarantees of their secured financings and other such agreements.  Where guarantees have been identified, they have been included in the relevant Schedules G and H for the affected Debtor.  The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they

continue to review their books, records, and contractual agreements. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified.

(n)   **Excluded Assets and Liabilities.**   The Debtors have potentially excluded the following categories of assets and liabilities from the Schedules and Statements: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; certain intangibles; deferred revenue accounts; and certain accrued liabilities. Other immaterial assets and liabilities may also have been excluded.

(o)   **Liens.**   The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any liens.

(p)   **Currency.**   Unless otherwise indicated, all amounts are reflected in U.S. dollars. To the extent any amounts had to be converted to U. S. dollars, the conversion rate used was as of April 30, 2018.

5.   **Specific Schedules Disclosures.**

(a)   **Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments.**   Details with respect to the Debtors' cash management system and bank accounts are provided in the *Motion of the Debtors for Entry of Interim and Final Orders (A) Authorizing the Debtors to (I) Continue to Operate Their Cash Management System, (II) Honor Certain Prepetition Obligations Related Thereto, (III) Maintain Existing Business Forms, and (IV) Continue to Perform Intercompany Transactions, (B) Authorizing and Directing the Debtors Banks to Honor All Related Payment Requests and (C) Granting Related Relief* [Docket No. 11] (the "Cash Management Motion").

The Debtors' cash balances are as of April 30, 2018.

(b)   **Schedule A/B, Part 3 – Accounts Receivable.**   The Debtors have not finalized their review of the aging of their accounts receivable and, therefore, all accounts receivable are listed together.

(c)   **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.**   Ownership interests in subsidiaries, partnerships, and joint ventures have been listed in Schedule A/B, Part 4, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their net book value.

(d)   **Schedule A/B, Part 5 – Inventory.**   Dollar amounts are presented net of accumulated depreciation and other adjustments. The raw materials, work in progress and other inventory and supplies across the business units of certain Debtors were aggregated and recorded as a single line item on the Debtors' books

and records, and, as a result, the Debtors have disclosed these items together in response to Questions 19, 20, 21 and 22. The Debtors believe it would be would be unduly burdensome and voluminous for the Debtors to individually list these details in response to Questions 19, 20, 21 and 22.

With regard to Debtors Wurlitzer Corp. and Baldwin Piano, the amounts identified reflect historical book values. Notwithstanding the book values listed, the Debtors believe that the products reflected are either not in saleable condition and/or the fair market value of such products is zero or *de minimis*.

(e) **Schedule A/B, Part 11 – All Other Assets.** Dollar amounts are presented net of impairments and other adjustments. The value of all assets listed on Schedule A/B are as of April 30, 2018.

Additionally, the Debtors may receive refunds for sales and use tax at various times throughout their fiscal year. As of the Petition Date, however, certain of these amounts are unknown and, accordingly, may not be listed on Schedule A/B.

(f) **Schedule A/B - Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtors and Rights to Setoff Claims.** In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to counter-claims, cross-claims, credits, rebates, or refunds with their customers and suppliers or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which such Debtor has asserted, or may assert, claims as a plaintiff or counter-claims and/or cross-claims as a defendant. Because such claims are unknown to the Debtors and not quantifiable as of the Petition Date, they are listed as undetermined on Schedule A/B, Part 11. All known litigation claims against the Debtors are listed on Schedule F.

(g) **Schedule A/B - Interests in Insurance Policies or Annuities.** A list of the Debtors' insurance policies and related information is available in the *Debtors' Motion for Interim and Final Orders Authorizing Debtors to (I) Maintain Existing Insurance Policies and Pay All Obligations Arising Thereunder; (II) Renew, Revise, Extend, Supplement, Change or Enter Into New Insurance Policies; and (III) Continue to Honor Insurance Premium Financing Obligations Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 1107 and 1108, and Fed. R. Bankr. P. 6003 and 6004* [Docket No. 9]. The Debtors believe that there is little or no cash value to the vast majority of such insurance policies. Such policies have all been included on Schedule A/B, Part 11, with values listed as "undetermined."

(h) **Schedule A/B - Executory Contracts and Unexpired Leases.** Because of the large number of the Debtors' executory contracts and unexpired leases, as well as the size and scope of such documents, the Debtors have not attached such agreements to Schedule A/B. Instead, the Debtors have only listed such agreements on Schedule G.

(i)     **Schedule D – Creditors Who Have Claims Secured by Property.**  Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable agreements and other related relevant documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.   In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities.

The Debtors have not included on Schedule D parties that may believe such claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the secured facilities, only the administrative agents have been listed for purposes of Schedule D.

(j)     **Schedule E/F – Creditors Who Have Unsecured Claims.**

*Part 1 – Creditors with Priority Unsecured Claims.*  Pursuant to the *Final Order To, Inter Alia, (I) Authorize, But Not Direct, The Debtors To Pay Prepetition Wages, Compensation And Employee Benefits; (II) Authorize But Not Direct, The Debtors To Continue Certain Employee Benefit Programs In The Ordinary Course; (II) Authorize All Banks To Honor Prepetition Checks For Payment Of Prepetition Employee Obligations; And (IV) Grant Other Related Relief* [Docket No. 162] (the "Wages Order"), the Debtors obtained authority to pay certain prepetition employee-related obligations, including certain wages and employee benefits.  Employee claims that have been paid pursuant to the Wages Order are not listed in the Schedules.  The Debtors note that they have filed a *Supplemental Motion For An Order Pursuant To 11 U.S.C. §§ 105(a), 363, 507(a), 541, 1107(a) And 1108, And Fed. R. Bankr. P. 6003 And 6004, (I) Authorizing, But Not Directing, The Debtors To Pay Certain Additional Amounts On Account Of Prepetition Wages, Compensation And Employee Benefits; And (II) Granting Other Related Relief* [Docket No. 295], which motion is currently pending.

The listing of a claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the

validity or immunity from avoidance of any claim purported to be granted to a creditor listed on Schedule E/F. Moreover, although the Debtors have scheduled claims of various creditors, the Debtors reserve all rights to dispute or challenge any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.

***Part 2 – Creditors with Nonpriority Unsecured Claims.*** The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records. The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

Schedule E/F, Part 2, contains information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts and unexpired leases, if any, that may be or have been rejected.

In many cases, the claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute. Where the determination of the date on which a claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such claim.

As of the time of filing of the Schedules and Statements, the Debtors have not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date. Accordingly, the information contained in Schedules D and E/F may be incomplete. The Debtors reserve their rights, but undertake no obligations, to amend Schedules D and E/F if, or when, the Debtors receive such invoices.

(k)     **Schedule G – Executory Contracts and Unexpired Leases.** Although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Additionally, relationships between the Debtors and their vendors are often governed by a master services agreement, under which vendors also place work and purchase orders, which may be considered executory contracts. The Debtors believe that disclosure of all of

these purchase and work orders would be impracticable and unduly burdensome. In addition, the Debtors have excluded various fee-free licenses.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. Expired contracts and leases may have also been inadvertently included. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.

Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreements, which documents may not be set forth in Schedule G. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

Any prepetition amounts owing to counterparties to executory contracts and unexpired leases are listed on Schedule E/F, Part 2.

(l) **Schedule H – Co-Debtors.** For purposes of Schedule H, the Debtors have not listed any litigation-related co-Debtors on Schedule H. Instead, all such listings can be found on Schedules E/F.

6. **Specific Statements Disclosures.**

(a) **Statements, Part 1, Question 1 – Gross Revenue.** Amounts listed in response to Question 1 are net of any applicable dealer rebates.

(b) **Statements, Part 2, Questions 3 and 4 – Payments to Certain Creditors.** As described in the Cash Management Motion, prior to the Petition Date, the Debtors maintained an integrated cash management system through which the Debtors made certain payments on behalf of their other affiliated entities. Consequently, nearly all payments to creditors and insiders listed in response to Questions 3 and 4 on each of the Statements reflect payments made by Gibson Brands, Inc. on

behalf of the corresponding Debtor entity, pursuant to the Debtors' cash management system described in the Cash Management Motion.  Moreover, due to the Debtors' historical reporting practices, the clearing dates for certain transactions may reflect the date the transaction was entered rather than the date the cash cleared the Debtors' account.

The Debtors have not listed transactions related to their daily cash management activity on Question 4.  As is more fully described in the Cash Management Motion, all receipts accounts are concentrated inter-day into an operating account of Gibson Brands, Inc. (the "GBI Main Operating Account") which account is then swept into a disbursement account of Gibson Brands, Inc. (the "GBI Master Disbursement Account").  Gibson Brands, Inc. disburses funds from the GBI Master Disbursement Account to the Debtors and certain non-Debtor affiliates or to their vendors directly.

In addition to their cash management activity, the Debtors fund the operations of non-Debtor Qingdao Gibson Musical Instrument Co., Ltd. ("GQ") and non-Debtor Qingdao Epiphone Musical Instrument Co., Ltd. ("EQ").  Transfers related to that funding appear in Gibson Brands, Inc.'s response to Question 4.

Prior to the Petition Date, Debtor Gibson Innovations USA, Inc. ("GI USA") provided funding to and purchased product from non-Debtor Gibson Innovations Limited ("GIHK"), at times by prepaying for such purchases.  Transfers from GI USA to GIHK are listed on GI USA's response to Question 4.

The transfers reflected in the Debtors' SOFA responses represent gross transfers. GQ, EQ and GIHK are not Debtors in these proceedings and, as such, their transfers to the Debtors, if any, are not presented on any SOFA.

To avoid duplication within the Statements, payments identified in Part 6, Question 11 are not identified in Part 2, Question 3.

(c)     **Statements, Part 5, Question 10 – Certain Losses.**  Amounts listed in response to Question 10 reflect the amount reflect the amounts received from the insurance company, and not the value of the property lost.

(d)     **Statements, Part 12, Questions 22–24 – Details About Environmental Information.**  The Debtors have made commercially reasonable efforts to identify the requested information for: (i) material judicial and administrative proceedings; (ii) notices of potential material liability or material violations; and (iii) governmental notifications of material releases, in each case, initiated, pending, or received within approximately ten (10) years from the Petition Date. The Debtors acknowledge the possibility that information related to material proceedings, notices and governmental notifications responsive to Statements, Part 12, Questions 22–24, may be discovered subsequent to the filing of the Schedules and Statements.  The Debtors reserve the right to supplement or amend this response in the future if additional information becomes available.

(e)     **Statements, Part 13, Question 26 – Books, Records, and Financial Statements.**   The Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, with financial statements that may not be part of a public filing.  The Debtors do not maintain complete lists or other records tracking such disclosures.  Therefore, the Debtors have not provided full lists of these parties in their response to Statement Question 26, but have included parties who received audited financial statements.

(f)     **Statements, Part 13, Question 27 – Inventory.**   With regard to Debtors Wurlitzer Corp. and Baldwin Piano, the amounts identified reflect historical book values.   Notwithstanding the book values listed, the Debtors believe that the products reflected are either not in saleable condition and/or the fair market value of such products is zero or *de minimis*.

**Fill in this information to identify the case:**

Debtor name  Cakewalk, Inc.

United States Bankruptcy Court for the: _____ District of Delaware

Case number (If known):  18-11028 _____

☐ Check if this is an
amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  04/16

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

| Part 1: | Income |
| --- | --- |

### 1. Gross revenue from business

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
| --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** From 04/01/2018 to Filing date <br> MM / DD / YYYY | ☒ Operating a business <br> ☐ Other _____ | $ _____ -0.02 |
| **For prior year:** From 04/01/2017 to 03/31/2018 <br> MM / DD / YYYY   MM / DD / YYYY | ☒ Operating a business <br> ☐ Other _____ | $ _____ 1,509,059.16 |
| **For the year before that:** From 04/01/2016 to 03/31/2017 <br> MM / DD / YYYY   MM / DD / YYYY | ☒ Operating a business <br> ☐ Other _____ | $ _____ 4,627,534.33 |

### 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☒ None

| | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
| --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** From _____ to Filing date <br> MM / DD / YYYY | _____ | $ _____ |
| **For prior year:** From _____ to _____ <br> MM / DD / YYYY   MM / DD / YYYY | _____ | $ _____ |
| **For the year before that:** From _____ to _____ <br> MM / DD / YYYY   MM / DD / YYYY | _____ | $ _____ |

Debtor   Cakewalk, Inc.
_____   Case number (if known) 18-11028
         Name

---

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

☒ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer *Check all that apply* |
|---|---|---|---|---|
| 3.1. | | | $ _____ | ☐ Secured debt |
| | Creditor's name | _____ | | ☐ Unsecured loan repayments |
| | Street | _____ | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | City            State        ZIP Code | _____ | | ☐ Other _____ |
| 3.2. | | | $ _____ | ☐ Secured debt |
| | Creditor's name | _____ | | ☐ Unsecured loan repayments |
| | Street | _____ | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | City            State        ZIP Code | _____ | | ☐ Other _____ |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☒ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | | | $ _____ | _____ |
| | Insider's name | _____ | | _____ |
| | Street | _____ | | _____ |
| | City            State        ZIP Code | _____ | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |
| 4.2. | | | $ _____ | _____ |
| | Insider's name | _____ | | _____ |
| | Street | _____ | | _____ |
| | City            State        ZIP Code | _____ | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

---

Debtor    Cakewalk, Inc.
_____    Case number (if known) 18-11028
Name

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☒ None

| Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|
| 5.1. | | | $_____ |
| Creditor's name | | | |
| Street | | | |
| City          State          ZIP Code | | | |
| 5.2. | | | $_____ |
| Creditor's name | | | |
| Street | | | |
| City          State          ZIP Code | | | |

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☒ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| Creditor's name | | | $_____ |
| Street | | | |
| City          State          ZIP Code | Last 4 digits of account number: XXXX– __ __ __ __ | | |

**Part 3:    Legal Actions or Assignments**

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☒ None

| Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|
| 7.1. | | Name | ☐ Pending |
| Case number | | Street | ☐ On appeal |
| | | City          State          ZIP Code | ☐ Concluded |
| 7.2. Case title | | Court or agency's name and address | ☐ Pending |
| Case number | | Name | ☐ On appeal |
| | | Street | ☐ Concluded |
| | | City          State          ZIP Code | |

Debtor    Cakewalk, Inc._____    Case number (if known) 18-11028_____
          Name

### 8. Assignments and receivership

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☒ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | | $_____ |
| Custodian's name | Case title | Court name and address |
| Street | | Name |
| | Case number | Street |
| City          State     ZIP Code | | City          State          ZIP Code |
| | Date of order or assignment | |

## Part 4:    Certain Gifts and Charitable Contributions

### 9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☒ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| **9.1.** Recipient's name | | _____ | $_____ |
| Street | | | |
| City          State     ZIP Code | | | |
| Recipient's relationship to debtor | | | |
| | | | |
| **9.2.** Recipient's name | | _____ | $_____ |
| Street | | | |
| City          State     ZIP Code | | | |
| Recipient's relationship to debtor | | | |

## Part 5:    Certain Losses

### 10. All losses from fire, theft, or other casualty within 1 year before filing this case.

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss. If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | Date of loss | Value of property lost |
|---|---|---|---|
| | | _____ | $_____ |

Debtor    Cakewalk, Inc._____    Case number (if known) 18-11028_____
　　　　　 Name

| Part 6: | Certain Payments or Transfers |

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☒ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | _____ | _____ | _____ | $ _____ |
| | **Address** | _____ | | |
| | _____ | | | |
| | Street | | | |
| | _____ | | | |
| | City　　　　State　　ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | _____ | _____ | _____ | $ _____ |
| | **Address** | _____ | | |
| | Street | | | |
| | _____ | | | |
| | City　　　　State　　ZIP Code | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| _____ | _____ | _____ | $ _____ |
| **Trustee** | _____ | | |
| _____ | | | |

Debtor    Cakewalk, Inc._____    Case number *(if known)* 18-11028_____
          Name

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | See Attached Rider | | | $ |
| | **Address** | | | |
| | Street | | | |
| | City          State     ZIP Code | | | |
| | **Relationship to debtor** | | | |
| | | | | |
| 13.2. | **Who received transfer?** | | | $ |
| | **Address** | | | |
| | Street | | | |
| | City          State     ZIP Code | | | |
| | **Relationship to debtor** | | | |

---

**Part 7:    Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy | |
|---|---|---|---|
| 14.1. | See Attached Rider | From _____ | To _____ |
| | Street | | |
| | City          State     ZIP Code | | |
| 14.2. | Street | From _____ | To _____ |
| | City          State     ZIP Code | | |

Debtor    Cakewalk, Inc. _____    Case number (if known) 18-11028 _____
          Name

---

| **Part 8:** | **Health Care Bankruptcies** |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| **15.1.** _____ Facility name<br><br>_____ Street<br><br>_____ City    State    ZIP Code | _____<br>_____<br><br>**Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider.<br>_____<br>_____ | _____<br><br>**How are records kept?**<br><br>*Check all that apply:*<br>☐ Electronically<br>☐ Paper |
| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
| **15.2.** _____ Facility name<br><br>_____ Street<br><br>_____ City    State    ZIP Code | _____<br>_____<br><br>**Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider.<br>_____<br>_____ | _____<br><br>**How are records kept?**<br><br>*Check all that apply:*<br>☐ Electronically<br>☐ Paper |

---

| **Part 9:** | **Personally Identifiable Information** |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.

☐ Yes. State the nature of the information collected and retained. _____

Does the debtor have a privacy policy about that information?

☐ No

☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☒ No. Go to Part 10.

☐ Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

Has the plan been terminated?

☐ No

☐ Yes

---

Debtor   Cakewalk, Inc.
         Name

Case number (*if known*) 18-11028

---

**Part 10:   Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☒ None

| | Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|---|
| 18.1. | Name<br>Street<br>City   State   ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |
| 18.2. | Name<br>Street<br>City   State   ZIP Code | XXXX–___ ___ ___ ___ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☒ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name<br>Street<br>City   State   ZIP Code | _____<br>_____<br>**Address**<br>_____<br>_____ | _____<br>_____ | ☐ No<br>☐ Yes |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☒ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| Name<br>Street<br>City   State   ZIP Code | _____<br>_____<br>**Address**<br>_____ | _____<br>_____ | ☐ No<br>☐ Yes |

---

Debtor    Cakewalk, Inc.
_____    Case number (if known) 18-11028 _____
          Name

---

### Part 11:    Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☒ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| | | | $ _____ |
| Name | | | |
| Street | | | |
| | | | |
| City        State        ZIP Code | | | |

---

### Part 12:    Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| | | | ☐ Pending |
| Case number | Name | | ☐ On appeal |
| | Street | | ☐ Concluded |
| | City        State        ZIP Code | | |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☒ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | _____ |
| Name | Name | | |
| Street | Street | | |
| | | | |
| City        State        ZIP Code | City        State        ZIP Code | | |

---

Debtor    Cakewalk, Inc.    Case number *(if known)* 18-11028
_____
Name

---

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | _____ |
| Name | Name | _____ | |
| Street | Street | _____ | |
| | | _____ | |
| City          State          ZIP Code | City          State          ZIP Code | | |

---

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |

25. **Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | See Attached Rider<br>Name<br><br>Street<br><br><br>City          State          ZIP Code | _____<br>_____<br>_____ | EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br><br>From _____  To _____ |
| 25.2. | Business name and address<br><br>Name<br><br>Street<br><br>City          State          ZIP Code | Describe the nature of the business<br>_____<br>_____<br>_____ | Employer Identification number<br>Do not include Social Security number or ITIN.<br>EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br><br>From _____  To _____ |
| 25.3. | Business name and address<br><br>Name<br><br>Street<br><br>City          State          ZIP Code | Describe the nature of the business<br>_____<br>_____<br>_____ | Employer Identification number<br>Do not include Social Security number or ITIN.<br>EIN: ___ ___ – ___ ___ ___ ___ ___ ___ ___<br>**Dates business existed**<br><br>From _____  To _____ |

---

| Debtor | Cakewalk, Inc. | Case number *(if known)* 18-11028 |
|---|---|---|
| | Name | |

---

26. **Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1. See Attached Rider | From _____ To _____ |

| Name and address | Dates of service |
|---|---|
| 26a.2. | From _____ To _____ |
| Name | |
| Street | |
| City                     State              ZIP Code | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1. KPMG LLP<br>DEPT. 0561<br>P.O. BOX 120001<br>DALLAS, TX 75312-0561 | From 05/01/2016  To  PRESENT |

| Name and address | Dates of service |
|---|---|
| 26b.2. | From _____ To _____ |
| Name | |
| Street | |
| City                     State              ZIP Code | |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. See Attached Rider | _____<br>_____<br>_____ |

---

Debtor    Cakewalk, Inc._____    Case number (*if known*) 18-11028_____
          Name

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2. | |
| Name | |
| Street | |
| City                     State          ZIP Code | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.    See Attached Rider |

| Name and address |
|---|
| 26d.2. |
| Name |
| Street |
| City                     State          ZIP Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☒ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1. |
| Name |
| Street |
| City                     State          ZIP Code |

Debtor    Cakewalk, Inc.
_____
Name

Case number *(if known)* 18-11028 _____

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $ _____ |
| **Name and address of the person who has possession of inventory records** | | |

27.2.    _____
         Name

         _____
         Street

         _____

         _____
         City                          State        ZIP Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| See Attached Rider | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

[X] No
[ ] Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |
| _____ | _____ | _____ | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

[X] No
[ ] Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1.  _____<br>Name | _____ | _____ | _____ |
| _____<br>Street | | _____ | |
| _____ | | _____ | |
| _____<br>City            State       ZIP Code | | _____ | |
| **Relationship to debtor** | | _____ | |

Debtor  Cakewalk, Inc.
_____  Case number (if known) 18-11028
Name

---

| | Name and address of recipient | | | | |
|---|---|---|---|---|---|
| 30.2 | | _____ | _____ | _____ | |
| | Name | | _____ | | |
| | Street | | _____ | | |
| | | | _____ | | |
| | City                    State          ZIP Code | | _____ | | |
| | Relationship to debtor | | _____ | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☒ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| Gibson Brands, Inc. | EIN:  73-1244520 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☒ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN:  ___ ___ – ___ ___ ___ ___ ___ ___ ___ |

---

**Part 14:**    **Signature and Declaration**

---

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    6/29/2018
                    MM / DD / YYYY

✗ /s/ Brian J. Fox                                    Printed name   Brian J. Fox
Signature of individual signing on behalf of the debtor

Position or relationship to debtor   Chief Restructuring Officer

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?

☐ No
☒ Yes

---

Official Form 207           Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy           page **14**

Debtor Name:          Cakewalk, Inc.                                                    Case Number:        18-11028

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 6, Question 13:** Transfers not already listed on this statement

| Creditor's Name & Address | Relationship to debtor | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| BANDLAB SINGAPORE PTE LTD 12 JALAN KILANG BARAT SINGAPORE 159354 | N/A | ACQUIRED CERTAIN INTELLECTUAL PROPERTY ASSETS FROM GIBSON BRAND, INC. ("GBI") RELATED TO GBI'S SUBSIDIARY, CAKEWALK, INC., INCLUDING PATENTS, TRADEMARKS AND SOFTWARE ASSETS. | 02/22/2018 | $1,600,000.00 |

Debtor Name: Cakewalk, Inc.                                                          Case Number:   18-11028

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 7, Question 14:** Previous addresses

| Address | Dates of occupancy From | Dates of occupancy To |
|---|---|---|
| 179 LINCOLN STREET<br>5TH FLOOR<br>BOSTON, MA 02111 | 02/01/2014 | 02/01/2018 |

Debtor Name:        Cakewalk, Inc.                                                Case Number:        18-11028

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 25:** Other businesses in which the debtor has or has had an interest

| Business Name & Address | Describe the nature of the business | Employer identification number | Date business existed From | Date business existed To |
|---|---|---|---|---|
| TWELVE TONE SYSTEMS UK LIMITED 309 PLUS PARK BLVD. NASHVILLE, TN 37217 | AUDIO SOFTWARE AND PRODUCTION | N/A | | PRESENT |

Debtor Name: Cakewalk, Inc.                                                Case Number:   18-11028

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26a:** List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

| Name & Address | Dates of service From | Dates of service To |
| --- | --- | --- |
| BENSON WOO<br>309 PLUS PARK BLVD.<br>NASHVILLE, TN 37217 | 02/19/2018 | PRESENT |
| BETH RASNICK<br>309 PLUS PARK BLVD.<br>NASHVILLE, TN 37217 | 05/01/2016 | PRESENT |
| BILL LAWRENCE<br>309 PLUS PARK BLVD.<br>NASHVILLE, TN 37217 | 07/14/2017 | 01/28/2018 |

Debtor Name:          Cakewalk, Inc.                                    Case Number:        18-11028

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26c:** Firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

| Name and Address | If any books of account and records are unavailable explain why |
| --- | --- |
| BENSON WOO<br>309 PLUS PARK BLVD.<br>NASHVILLE, TN 37217 | |
| BETH RASNICK<br>309 PLUS PARK BLVD.<br>NASHVILLE, TN 37217 | |
| KPMG LLP<br>DEPT.  0561<br>P.O. BOX  120001<br>DALLAS, TX 75312-0561 | |

Debtor Name:          Cakewalk, Inc.                                                    Case Number:          18-11028

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 26d:** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued
a financial statement within 2 years before filing this case.

| Name & Address |
| --- |
| BANK OF AMERICA, N.A., AS AGENT<br>C/O WINSTON & STRAWN LLP<br>ATTN: CHRISTINA M. WHEATON, JASON E. BENNETT<br>300 SOUTH TRYON STREET, 16TH FLOOR<br>CHARLOTTE, NC 28202 |
| DELL FINANCIAL SERVICES<br>PAYMENT PROCESSING CENTER,<br>P. O.  BOX 6549<br>CAROL STREAM, IL 60197-6549 |
| EXPEDITORS INT'L OF WASHINGTON, INC.<br>1015 THIRD AVENUE, 12TH FLOOR<br>SEATTLE, WA 98104 |
| GSO CAPITAL PARTNERS LP<br>345 PARK AVE, FL 31<br>NEW YORK, NY 10154 |
| MOODY'S INVESTORS SERVICE<br>P. O.  BOX  102597<br>ATLANTA, GA 30368-0597 |
| STANDARD AND POOR'S<br>2542 COLLECTION CENTER DRIVE<br>CHICAGO, IL 60693 |
| STORE FINANCIAL SERVICES, LLC<br>7171 WEST 95TH STREET<br>4TH FLOOR<br>OVERLAND PARK, KS 66212 |
| WILMINGTON TRUST, NATIONAL ASSN<br>ONE M&T PLAZA<br>BUFFALO, NY 14240 |

Debtor Name: Cakewalk, Inc.                                                                    Case Number:  18-11028

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**Part 13, Question 28:** Debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name and Address | Position and nature of any interest | % of interest if any |
|---|---|---|
| BENSON WOO<br>309 PLUS PARK BLVD.<br>NASHVILLE, TN 37217 | CHIEF FINANCIAL OFFICER | N/A |
| BRUCE A. MITCHELL<br>309 PLUS PARK BLVD.<br>NASHVILLE, TN 37217 | EXECUTIVE VP, GENERAL COUNSEL &<br>CORPORATE SECRETARY | N/A |
| DAVID H. BERRYMAN<br>309 PLUS PARK BLVD.<br>NASHVILLE, TN 37217 | PRESIDENT | N/A |
| GIBSON BRANDS, INC.<br>309 PLUS PARK BLVD.<br>NASHVILLE, TN 37217 | SHAREHOLDER | 100 |
| HENRY E. JUSZKIEWICZ<br>309 PLUS PARK BLVD.<br>NASHVILLE, TN 37217 | CHIEF EXECUTIVE OFFICER | N/A |