# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------- x
::
In re: : Chapter 11
:
GIBSON BRANDS, INC., *et al.*, : Case No. 18-11025 (CSS)
:
Debtors.[1] : Jointly Administered
:
------------------------------------- x  Re: Docket No. 295, 365, 380 & 429

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363, 507(a), 541, 1107(a) AND 1108, AND FED. R. BANKR. P. 6003 AND 6004, (I) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO PAY CERTAIN ADDITIONAL AMOUNTS ON ACCOUNT OF PREPETITION WAGES, COMPENSATION AND EMPLOYEE BENEFITS; AND (II) GRANTING OTHER RELATED RELIEF

Upon the supplemental motion (the "Supplemental Motion")[2] of the Debtors for an order (the "Order"), pursuant to Bankruptcy Code sections 105(a), 363, 507(a)(4), 507(a)(5), 541, 1107(a) and 1108, and Bankruptcy Rules 6003 and 6004 (i) authorizing, but not directing, the Debtors to pay certain additional amounts on account of prepetition wages, compensation and employee benefits, and (ii) granting other related relief; and upon consideration of the Supplemental Motion and all pleadings related thereto, including the First Day Declaration and the Fox Declaration; and upon the record of any hearing on the Supplemental Motion; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Supplemental Motion is required; and it appearing that the Court has jurisdiction to

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Gibson Brands, Inc. (4520); Cakewalk, Inc. (2455); Consolidated Musical Instruments, LLC (4695); Gibson Café & Gallery, LLC (0434); Gibson International Sales LLC (1754); Gibson Pro Audio Corp. (3042), Neat Audio Acquisition Corp. (3784); Gibson Innovations USA, Inc. (4620); Gibson Holdings, Inc. (8455); Baldwin Piano, Inc. (0371); Wurlitzer Corp. (0031); and Gibson Europe B.V. (Foreign). The Debtors' corporate headquarters is located at 309 Plus Park Blvd., Nashville, TN 37217.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Supplemental Motion.

#49401635 v1

consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Supplemental Motion and provided for herein is in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Supplemental Motion is GRANTED to the extent set forth herein for the reason set forth by the Court on the record at the hearing held on July 9, 2018.

2. The Debtors are authorized, but not directed, to pay and/or honor (including to any third parties that provide or aid in the monitoring, processing or administration of the Employee Obligations), in their discretion, the following additional amounts on account of Employee Obligations, as and when such obligations are due and consistent with the Debtors' ordinary course of business, as follows:

| **Employee Obligation** | **Additional Amount** |
|---|---|
| Withholdings | $120,000 |
| Payroll Processors | $45,000 |
| Vacation Time Sell Back Option | $500,000 |
| Quarterly Bonus | $10,200 |

3. The Debtors shall not pay any individual Employee on account of the Vacation Time Sell Back Option for more than five (5) vacation days.

4. For the avoidance of doubt, the amounts set forth in the paragraph 2 of this Order are in addition to the amounts approved by the Final Employee Order.

5. Except for authorizing the payment of the additional amounts set forth above, nothing herein is intended to modify any provision of the Final Employee Order.

6. The Debtors' banks and other financial institutions shall be and hereby are authorized to receive, process, honor and pay all prepetition and postpetition checks and fund transfers on account of the Employee Obligations that had not been honored and paid as of the Petition Date, up to the amounts authorized to be paid pursuant to this Order and the Final Employee Order, provided that sufficient funds are on deposit in the applicable accounts to cover such payments. The Debtors shall be and hereby are authorized to issue new postpetition checks or effect new postpetition fund transfers on account of the Employee Obligations to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

7. The Debtors are authorized, but not directed, in their discretion, to pay all processing fees associated with, and all costs incident to, the foregoing.

8. Except as otherwise set forth herein, any party receiving payment from the Debtors is authorized to rely upon the representations of the Debtors as to which payments are authorized by this Order.

9. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in the Motion or this Order shall be deemed: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of any party's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (e) a waiver of any party's rights under the Bankruptcy Code or any other applicable law; or (f) to create any rights in favor of, or enhance the status of, any claim held by any person or entity.

10. Notwithstanding Bankruptcy Rule 6004(h), the Order shall be effective and enforceable immediately upon entry hereof.

#49401635 v1

11. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: July 12, 2018
Wilmington, Delaware

_____
HONORABLE CHRISTOPHER S. SONTCHI
CHIEF UNITED STATES BANKRUPTCY JUDGE

-4-