IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
: 
In re: : Chapter 11
:
GIBSON BRANDS, INC., *et al.*,[1] : Case No. 18-11025 (CSS)
:
                                    Debtors. : (Jointly Administered)
:
------------------------------------------------------------ x

## SUPPLEMENTAL AFFIDAVIT OF SERVICE

I, Gerhald R. Pasabangi, depose and say that I am employed by Prime Clerk LLC ("***Prime Clerk***"), the claims and noticing agent for the Debtors in the above-captioned chapter 11 cases.

On July 11, 2018, at my direction and under my supervision, employees of Prime Clerk caused the following document to be served via First Class Mail on the Supplemental Parties Service List attached hereto as **Exhibit A**:

- Notice of Deadline for Filing of Proofs of Claim, Including Claims Asserted Under Section 503(B)(9) of the Bankruptcy Code and Proof of Claim Form, a copy which is attached as **Exhibit B**

Dated: July 16, 2018

/s/ Gerhald R. Pasabangi
Gerhald R. Pasabangi

State of New York
County of New York

Subscribed and sworn to (or affirmed) before me on July 16, 2018, by Gerhald R. Pasabangi, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

Oleg Bitman
Notary Public, State of New York
No. 01BI6339574
Qualified in Queens County
Commission Expires: April 04, 2023

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Gibson Brands, Inc. (4520); Cakewalk, Inc. (2455); Consolidated Musical Instruments, LLC (4695); Gibson Café & Gallery, LLC (0434); Gibson International Sales LLC (1754); Gibson Pro Audio Corp. (3042), Neat Audio Acquisition Corp. (3784); Gibson Innovations USA, Inc. (4620); Gibson Holdings, Inc. (8455); Baldwin Piano, Inc. (0371); Wurlitzer Corp. (0031); and Gibson Europe B.V. (Foreign). The Debtors' corporate headquarters is located at 309 Plus Park Blvd., Nashville, TN 37217.

SRF 26158

**Exhibit A**

Exhibit A
Supplemental Parties Service List
Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | CITY | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|
| 6782770 | ABOS | Postbus 5215 | Naarden | 1410 AE | Netherlands |
| 6461092 | ACASEC | Dreve de L'infante 79 | Waterloo | B-1410 | Belgium |
| 6782774 | EPIC EUROPE B.V. P.O DIOS | Bredaseweg 185 | Etten-leur | 4872 LA | Netherlands |
| 6782782 | MANUTAN VH OVERTOOM | Postbus 2 | Den Dolder | 3734 ZG | Netherlands |

**Exhibit B**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
In re:                                                   :    Chapter 11
                                                         :
GIBSON BRANDS, INC., et al.,                             :    Case No. 18-11025 (CSS)
                                                         :
         Debtors.                                        :    Jointly Administered
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**NOTICE OF DEADLINE FOR FILING OF PROOFS OF CLAIM, INCLUDING CLAIMS ASSERTED UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CASES. YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

TO: ALL POTENTIAL HOLDERS OF CLAIMS AGAINST THE DEBTORS

Please take notice that on May 1, 2018 (the "Petition Date"), the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") with the United States Bankruptcy Court for the District of Delaware (the "Court").

Please take further notice that on June 8, 2018, the Court entered an order [Docket No. 255] (the "Bar Date Order") establishing **August 20, 2018, at 5:00 p.m. (Prevailing Eastern Time)** (the "General Bar Date") as the last date and time for each person or entity to file a Proof of Claim in the Chapter 11 Cases (the "Proof of Claim" or "Proofs of Claim," as applicable); provided that, solely with respect to a governmental unit, the last date and time for such governmental unit to file a Proof of Claim in the Chapter 11 Cases is **October 29, 2018, at 5:00 p.m. (Prevailing Eastern Time)** (the "Governmental Bar Date"). For your convenience, enclosed with this Notice is a Proof of Claim form (the "Proof of Claim Form").

Please take further notice that the Bar Date Order and the procedures set forth therein and herein for the filing of Proofs of Claim apply to all Claims (the holder of any such Claim, a "claimant") that arose, or are deemed to have arisen, prior to the Petition Date, regardless of their character or nature, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent, including, without limitation, Claims entitled to administrative priority status under section 503(b)(9) of the Bankruptcy Code, no matter how remote or contingent.

As used in this Notice, the term "creditor" has the meaning given to it in section 101(10) of the Bankruptcy Code, and includes all persons, entities, estates, trusts, governmental units and the United States Trustee. In addition, the terms "persons," "entities" and "governmental units" are defined in sections 101(41), 101(15) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "Claim" or "Claims" has the meaning given to it in section 101(5) of the Bankruptcy Code, and includes as to or against any one or more of the Debtors: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable

remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**Individual Debtor Information.**  The Debtors, their respective Chapter 11 Case numbers, and the last four digits of their respective federal tax identification numbers are as follows:

| Entity Name | Case Number | Last Four Digits of Tax ID # |
| --- | --- | --- |
| Gibson Brands, Inc. | 18-11025 | 4520 |
| Cakewalk, Inc. | 18-11028 | 2455 |
| Consolidated Musical Instruments, LLC | 18-11030 | 4695 |
| Gibson Café & Gallery, LLC | 18-11029 | 0434 |
| Gibson International Sales LLC | 18-11031 | 1754 |
| Gibson Pro Audio Corp. | 18-11033 | 3042 |
| Neat Audio Acquisition Corp. | 18-11034 | 3784 |
| Gibson Innovations USA, Inc. | 18-11032 | 4620 |
| Gibson Holdings, Inc. | 18-11027 | 8455 |
| Baldwin Piano, Inc. | 18-11026 | 0371 |
| Wurlitzer Corp. | 18-11035 | 0031 |
| Gibson Europe B.V. | 18-11036 | Foreign |

A. **PROOFS OF CLAIM AND MANNER OF FILING**

Except as otherwise provided herein, any person or entity that has or seeks to assert a Claim which arose, or is deemed to have arisen, prior to the Petition Date, including, without limitation, a Claim under section 503(b)(9) of the Bankruptcy Code, **MUST FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE** in order to potentially share in the Debtors' estates.  For the avoidance of doubt, pursuant to Bankruptcy Rule 3003(c)(2), any claimant who asserts a Claim that arose, or is deemed to have arisen, prior to the Petition Date and whose Claim is either (a) not listed on the Debtors' Schedules or (b) is listed on the Schedules as disputed, contingent or unliquidated, shall be required to file a Proof of Claim on or prior to the applicable Bar Date in order to potentially share in the Debtors' estates.  Under the Bar Date Order, the filing of an original, written Proof of Claim Form, or the electronic submission of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority Claims under section 503(b)(9) of the Bankruptcy Code.  All other administrative Claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by Proof of Claim.  No deadline has yet been established for the filing of administrative Claims other than Claims under section 503(b)(9) of the Bankruptcy Code.  **Claims under section 503(b)(9) of the Bankruptcy Code must be filed by the General Bar Date**.  Acts or omissions of the Debtors that occurred or arose before the Petition Date may give rise to Claims that must be filed by the applicable Bar Date, notwithstanding that such Claims may not have matured, are contingent or have not become fixed or liquidated prior to or as of the Petition Date.

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM AGAINST THE DEBTORS OR THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM AGAINST THE DEBTORS.  THE DEBTORS BELIEVE THAT ENTITIES WITH CLAIMS AGAINST GIBSON GI HOLDING B.V., GIBSON INNOVATIONS LIMITED OR THEIR RESPECTIVE SUBSIDIARIES (EACH A "GI ENTITY" AND, COLLECTIVELY, THE "GI**

**ENTITIES"**[1]**) ARE NOT CLAIMANTS OF THE DEBTORS, EXCEPT TO THE EXTENT SUCH CLAIMANTS HAVE A GUARANTEE CLAIM OR OTHER CLAIM AGAINST THE DEBTORS. A CLAIMANT OF A DEBTOR OR OF A GI ENTITY SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

   i.   **Claims for Which No Proof of Claim Is Required to be Filed**

Notwithstanding the above, holders of the following Claims are not required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such Claim:

   a.   any person or entity that has already filed a properly supported and executed Proof of Claim against the applicable Debtor(s) with either Prime Clerk or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware in a form substantially similar to the Proof of Claim Form;

   b.   any person or entity (i) whose claims is listed in the Schedules or any amendments thereto, and (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount, priority, or characterization of its claim (including that the claim is an obligation of the specific Debtor against which the claim is scheduled) as set forth in the Schedules;

   c.   any person or entity whose claim has previously been allowed by order of the Court, including those claims specifically allowed pursuant to the Interim DIP Order or Final DIP Order (as defined in the Interim DIP Order);

   d.   professionals retained by the Debtors, the Committee or any other committee appointed in these Chapter 11 Cases pursuant to orders of this Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code (which for the avoidance of doubt shall include Alvarez & Marsal North America, LLC);

   e.   any person or entity that holds or asserts a claim pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense other than 503(b)(9) Claims;

   f.   any person or entity that holds a claim for which specific deadlines other than the Bar Dates have been fixed by an order of the Court entered on or prior to the applicable Bar Date;

---

[1] The GI Entities are as follows: Gibson GI Holding B.V.; Gibson Innovations Limited; Gibson Innovations Netherlands B.V.; Gibson Innovations Singapore Pte. Ltd.; Gibson Innovations (Shanghai) Commercial Co. Ltd.; Gibson Innovations Taiwan Limited; Gibson Innovations (Shenzhen) Co. Ltd; Gibson Innovations Malaysia Snd. Bhd.; Gibson Innovations India Private Limited; Gibson Innovations Mexicana, S. de R.L. de C.V; Gibson Innovations Germany GmbH; Gibson Innovations Norway AS; Gibson Innovations Switzerland AG; Gibson Innovations Iberia S.L.; Gibson Innovations Denmark A/S; Gibson Innovations UK Limited; Gibson Innovations Poland Sp. z.o.o.; Gibson Innovations Belgium N.V.; Gibson Innovations Ukraine LLC; Gibson Innovations Eurasia LLC; Gibson Innovations France SAS; Gibson Services Poland Sp. z.o.o.; Gibson Innovations Italy S.r.l.; Gibson Innovations Panama Inc.; Gibson Innovations Chile SpA; Gibson Innovations Sweden AB; Gibson Innovations Austria GmbH; Gibson Innovations Elektronik Ticaret A.Ş; Gibson Innovations Do Brasil Indústria Eletrônica Ltda; and Gibson Innovations Peru S.A.

g.  current officers, directors, and employees of the Debtors who may hold contingent and unliquidated claims for indemnification, contribution, or reimbursement arising as a result of such officers', directors', or employees' prepetition or postpetition services to the Debtors; <u>provided</u>, that any officer, director or employee covered by this provision who wishes to assert claims, other than contingent and unliquidated claims for indemnification, contribution or reimbursement, shall file Proofs of Claim on account of such claims on or before the General Bar Date unless another exception in this paragraph applies;

h.  any person or entity that holds or asserts a claim against the Debtors pursuant to the Prepetition ABL Loan Agreement; <u>provided</u>, <u>however</u>, that the Prepetition ABL Agent and/or GSO Capital Partners LP, as Prepetition ABL Lender, may (but is not required to) file one Master Proof of Claim, on or before the General Bar Date, with respect to all of the amounts owed thereunder;

i.  any person or entity that holds or asserts a claim that is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges (a "<u>Debt Claim</u>") against the Debtors pursuant to the Prepetition Notes Documents; <u>provided</u>, <u>however</u>, that: (i) the Prepetition Trustee may (but is not required to) file one Master Proof of Claim, on or before the General Bar Date, with respect to all of the amounts owed thereunder;

j.  any present or former employee of the Debtors, solely with respect to any claim based on the payment of an obligation arising in the ordinary course of business as a wage, commission or benefit (including, but not limited to, any claim covered by the Debtors' Health Insurance Plans, as defined in the Employee Wages Motion) and previously authorized to be paid by the interim and final orders granting the Debtors' *Motion to Pay Employee Wages (Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105(a), 363, 507(a), 541, 1107(a) and 1108, and Fed. R. Bankr. P. 6003 and 6004, to, Inter Alia, (I) Authorize, but Not Direct, the Debtors to Pay Prepetition Wages, Compensation and Employee Benefits; (II) Authorize, But Not Direct, the Debtors to Continue Certain Employee Benefit Programs in the Ordinary Course; (III) Authorize All Banks to Honor Prepetition Checks for Payment of Prepetition Employee Obligations; and (IV) Grant Other Related Relief)* [Docket No. 12] (the "<u>Employee Wages Motion</u>"); <u>provided</u>, <u>however</u>, that a present or former employee shall submit a Proof of Claim by the General Bar Date for any other claim arising before the Petition Date, including claims, if any, related to wrongful termination, discrimination, harassment, a hostile work environment, retaliation, or unpaid amounts under any severance or separation agreement entered into prior to the Petition Date;

k.  any Debtor asserting a claim against any other Debtor;

l.  any entity whose claim asserts a right to payment or performance solely against a non-Debtor affiliate of a Debtor;

m.  any person or entity whose claim has already been paid in full by a Debtor in accordance with the Bankruptcy Code or in accordance with an order of the Court;

n.  any wholly-owned, direct or indirect non-debtor subsidiary or affiliate of any Debtor asserting a claim against any Debtor; and

o.  any person or entity whose claim has been allowed by an order of the Court entered on or before the applicable Bar Date.

**Please take notice that any claimant exempted from filing a Proof of Claim pursuant to the preceding paragraph must still properly and timely file a Proof of Claim for any other Claim that does not fall within the exemptions provided by the preceding paragraph.**

### ii. Claims Arising from Rejected Executory Contracts or Unexpired Leases

Any person or entity that holds a Claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the General Bar Date or (b) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days after the date on which the Court enters an order authorizing such rejection (unless the order authorizing such rejection provides otherwise) (the "Rejection Bar Date").

### iii. Amendment to the Schedules

If the Debtors amend their Schedules, then the Bar Date for those creditors affected by any such amendment shall be the later of (a) the General Bar Date or (b) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days from the date that the Debtors provide written notice to the affected creditor that the Schedules have been amended (the "Amended Schedules Bar Date" and, together with the General Bar Date, Governmental Bar Date, and Rejection Bar Date, the "Bar Dates," and each a "Bar Date").

### B. WHEN AND WHERE TO FILE PROOFS OF CLAIM

All claimants must submit (by overnight mail, courier service, hand delivery, regular mail or in person) an original, written Proof of Claim that substantially conforms to the Proof of Claim Form so as to be **actually received** by Prime Clerk LLC ("Prime Clerk"), the Debtors' claims and noticing agent, by no later than 5:00 p.m. (Prevailing Eastern Time) on or before the applicable Bar Date at the following address:

Gibson Brands, Inc. Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412 Brooklyn, NY 11232

Alternatively, claimants may submit a Proof of Claim electronically through the electronic Claims filing system available at https://cases.primeclerk.com/gibson/EPOC-Index.

Proofs of Claim will be deemed timely filed only if actually received by Prime Clerk on or before the applicable Bar Date. Proofs of Claim may not be delivered by facsimile, telecopy, or electronic mail transmission. Any facsimile, telecopy, or electronic mail submissions will not be accepted and will not be deemed filed until a Proof of Claim is submitted to Prime Clerk by overnight mail, courier service, hand delivery, regular mail or in person or through the electronic filing system described above. Claimants wishing to receive acknowledgment that their original, written Proofs of Claim were received by Prime Clerk must submit (i) a copy of the Proof of Claim and (ii) a self-addressed, stamped envelope (in addition to the original Proof of Claim sent to Prime Clerk).

C. **CONTENTS OF A PROOF OF CLAIM**

As noted above, the Debtors are enclosing a Proof of Claim Form for use in these Chapter 11 Cases, or you may use another Proof of Claim form that substantially conforms to Official Bankruptcy Form No. B410. The Proof of Claim Form is available free of charge on Prime Clerk's website at https://cases.primeclerk.com/gibson.

If your Claim listed in the Debtors' Schedules, the Proof of Claim Form sent to you will indicate how the Debtors have scheduled your Claim in the Schedules, including (a) the identity of the Debtor against which your Claim is scheduled; (b) the amount of the scheduled Claim, if any; (c) whether the Claim is listed as disputed, contingent, or unliquidated; and (d) whether the Claim is listed as a secured, unsecured priority, or unsecured non-priority Claim. You will receive a different Proof of Claim form for each Claim scheduled in your name by the Debtors. For holders of potential Claims that are listed in the Schedules of more than one of the Debtors, such creditor will receive a separate Proof of Claim Form related to each such Debtor.

To be valid, your Proof of Claim **MUST**: (a) be signed by the claimant (which may be satisfied by electronic signature through the electronic Claims filing system described above); (b) be written in the English language; (c) be denominated in lawful currency of the United States; <u>provided</u> that Claims in foreign currency must state the amounts claimed in such foreign currency and must also convert each such amount to United States dollars as of May 1, 2018; (d) conform substantially to the Proof of Claim Form or Official Form B410; (e) specify the Debtor against which the Proof of Claim is filed as well as the bankruptcy case number corresponding to such Debtor; (f) set forth with specificity the legal and factual basis for the alleged Claim; and (g) include supporting documentation or an explanation as to why such documentation is not available. **You should redact any sensitive information from your supporting documentation prior to filing your Proof of Claim.**

Except as otherwise provided in the Bar Date Order, all claimants asserting Claims against more than one Debtor must file a separate Proof of Claim with respect to each such Debtor and identify on each Proof of Claim the particular Debtor against which their Claim is asserted. If more than one Debtor is listed on a Proof of Claim, then the Debtors shall treat such Claim as filed only against the first listed Debtor. Any Proof of Claim filed under the joint administration case number (*Gibson Brands, Inc., et al,* Case No. 18-11025) or without otherwise identifying a Debtor shall be deemed as filed only against Gibson Brands, Inc. Notwithstanding the foregoing, the failure of any entity to file its Proof of Claim against the correct Debtor shall not constitute cause to expunge the Proof of Claim. Rather, the Debtors may seek to reclassify the Proof of Claim so that the claim is asserted against the proper Debtor on notice to the affected claimant.

**If you are filing a Claim under section 503(b)(9) of the Bankruptcy Code, you must indicate in Box 13 of the Proof of Claim Form the amount of the Claim that arises under section 503(b)(9) of the Bankruptcy Code. For each Claim under section 503(b)(9) of the Bankruptcy Code, you must attach all documents supporting such Claim to the Proof of Claim Form and include a statement setting forth with specificity: (a) the value of the goods the claimant contends the Debtors received within twenty (20) days before the Petition Date; (b) documentation, including invoices, receipts, purchase orders, bills of lading, and the like, identifying the particular goods for which the claim is being asserted; (c) documentation regarding which Debtor the goods were shipped to, to the extent the claimant has knowledge, the date the goods were received by such Debtor, and the alleged value of such goods; and (d) a statement indicating (i) whether the value of such goods listed in the Proof of Claim Form represents a combination of services and goods, (ii) the percentage of value related to services and related to goods, and (iii) whether the claimant has been paid on account of any other claim against any Debtor regarding the goods underlying its Proof of Claim Form.**

D.     **CONSEQUENCES FOR FAILURE TO FILE A PROOF OF CLAIM**

Any claimant that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or the Bar Date Order with respect to a particular Claim, but that fails to do so properly by the applicable Bar Date, may be forever barred, estopped, and enjoined from:  (a) asserting such Claim against the Debtors and their estates (or filing a Proof of Claim with respect thereto), and the Debtors and their properties and estates may be forever discharged from any and all indebtedness or liability with respect to such Claim and (b) voting upon, or receiving distributions under, any chapter 11 plan in the Chapter 11 Cases or otherwise in respect of or on account of such Claim, and such person or entity may not be treated as a creditor with respect to such Claim for any purpose in these Chapter 11 Cases.

E.     **CONTINGENT CLAIMS**

Acts or omissions of or by the Debtors that occurred, or that are deemed to have occurred, prior to the Petition Date, including, without limitation, acts or omissions related to any indemnity agreement, guarantee, services provided to or rendered by the Debtors, or goods provided to or by the Debtors, may give rise to Claims against the Debtors and their estates notwithstanding the fact that such Claims (or any injuries on which they may be based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date.  Therefore, any person or entity that holds a Claim or potential Claim against the Debtors and their estates, no matter how remote, contingent, or unliquidated, **MUST** file a Proof of Claim on or before the applicable Bar Date.

F.     **THE SCHEDULES**

You may be listed as the holder of a Claim in the Schedules.  The Schedules are available free of charge on Prime Clerk's website at https://cases.primeclerk.com/gibson.  If you rely on the Schedules, it is your responsibility to determine that your Claim is accurately listed in the Schedules.  As described above, if (a) you agree with the nature, amount and status of your Claim as listed in the Schedules and (b) your Claim is NOT described as "disputed," "contingent," or "unliquidated," then you are not required to file a Proof of Claim in these Chapter 11 Cases with respect to such Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice and the Bar Date Order.

G.     **RESERVATION OF RIGHTS**

Nothing contained in this Notice or the Bar Date Order is intended or should be construed as a waiver of any of the Debtors' rights, including without limitation, their rights to:  (a) dispute, or assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability or classification thereof; (b) subsequently designate any scheduled Claim as disputed, contingent or unliquidated; or (c) otherwise amend or supplement the Schedules.  In addition, nothing contained herein is intended or should be construed as an admission of the validity of any Claim or an approval, assumption or rejection of any agreement, contract or lease under section 365 of the Bankruptcy Code.  All such rights and remedies are reserved.

H.     **ADDITIONAL INFORMATION**

The Proof of Claim Form, the Bar Date Order, and all other pleadings filed in the Chapter 11 Cases are available free of charge on Prime Clerk's website at https://cases.primeclerk.com/gibson.  If you have questions concerning the filing or processing of Claims, you may contact the Debtors' claims and noticing agent, Prime Clerk, by emailing gibsoninfo@primeclerk.com, by phone at (844) 240-1258 or, if calling from outside the United States or Canada, at (929) 477-8085.

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**

| **Fill in this information to identify the case** |
| :---: |
| **(Select only one Debtor per claim form):** |

- ☐ Gibson Brands, Inc. (Case No. 18-11025)
- ☐ Baldwin Piano, Inc. (Case No. 18-11026)
- ☐ Gibson Holdings, Inc. (Case No. 18-11027)
- ☐ Cakewalk, Inc. (Case No. 18-11028)
- ☐ Gibson Cafe & Gallery, LLC (Case No. 18-11029)
- ☐ Consolidated Musical Instruments, LLC (Case No. 18-11030)
- ☐ Gibson International Sales LLC (Case No. 18-11031)
- ☐ Gibson Innovations USA, Inc. (Case No. 18-11032)
- ☐ Gibson Pro Audio Corp. (Case No. 18-11033)
- ☐ Neat Audio Acquisition Corp. (Case No. 18-11034)
- ☐ Wurlitzer Corp. (Case No. 18-11035)
- ☐ Gibson Europe B.V. (Case No. 18-11036)

<u>Modified Form 410</u>

# Proof of Claim

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

---

**Part 1: Identify the Claim**

**1. Who is the current creditor?**
_____
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
☐ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Contact phone _____
Contact email _____

**Where should payments to the creditor be sent?** (if different)

Name _____
Number   Street _____
City   State   ZIP Code

Contact phone _____
Contact email _____

**4. Does this claim amend one already filed?**
☐ No
☐ Yes.   Claim number on court claims registry (if known) _____   Filed on ___ / ___ / _____
                                                                                                       MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☐ No
☐ Yes. Who made the earlier filing? _____

---

**Proof of Claim**                                                                                                                                 page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?** $_____. **Does this amount include interest or other charges?**
☐ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**
☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☐ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☐ No
☐ Yes. Identify the property: _____

Modified Form 410                      **Proof of Claim**                      page 2

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ❏ No<br><br>❏ Yes. *Check one:* | **Amount entitled to priority** |
| | ❏ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ❏ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ❏ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ❏ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ❏ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ❏ Other. Specify subsection of 11 U.S.C. § 507(a)( ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. **Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ❏ No<br><br>❏ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. Attach documentation supporting such claim.** | $_____ |

## Part 3: Sign Below

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>❏ I am the creditor.<br>❏ I am the creditor's attorney or authorized agent.<br>❏ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>❏ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date  _____ (mm/dd/yyyy)<br><br>_____<br>Signature<br>**Print the name of the person who is completing and signing this claim:**<br><br>Name  _____<br>        First name        Middle name        Last name<br><br>Title  _____<br><br>Company  _____<br>Identify the corporate servicer as the company if the authorized agent is a servicer.<br><br>Address  _____<br>        Number        Street<br>        _____<br>        City                State    ZIP Code<br><br>Contact phone _____  Email _____ |

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at
http://cases.primeclerk.com/gibson.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

### Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

### Please send completed Proof(s) of Claim to:

Gibson Brands, Inc. Claims Processing Center
c/o Prime Clerk LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**Do not file these instructions with your form**